## SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK agt. THE NEW YORK CENTRAL RAILROAD COMPANY.

An order for an *extra allowance*, under section 309 of the Code, is *appealable*—to the general term and to the court of appeals.

The amount of the recovery or claim mentioned in this section under which the allowance is granted, is not the measure but rather the *limit* of the allowance.

Where in a case which is a proper one for an *extra allowance*, a large amount is claimed,—the claim in the action being large, the court should require some specific facts to be stated, such as moneys actually expended, or liabilities actually incurred, or time and labor consumed by the counsel or the party in the preparation and trial of the cause—how much time was occupied in the trial, whether there was more than one trial at the circuit, how often it was postponed, whether it was argued more than once at the general term, or long accounts taken upon a reference, &c.

There is no authority for enlarging the sum granted so as to cover expenses and services which may or may not be incurred and rendered by the respondent in the *court of appeals*—especially where there has been no new trial, and there has been but one appeal.

It is clear from the provisions of the Code, that the allowance is no part of the costs in the court of appeals, but exclusively a part of the costs in the court below. The motion for it is usually made at the close of the trial, and always *before the entry of the judgment*, and when granted, the sum allowed is included in the bill of costs and inserted in the judgment roll as a part of the judgment.

*Brooklyn General Term, December*, 1865.
*Before* BROWN, SCRUGHAM *and* BARNARD, *Justices.*

JOHN H. REYNOLDS, *for the plaintiffs.*
A. C. PAIGE *and* LYMAN TREMAIN, *for defendants.*

BROWN, J. The court of appeals has determined that this court committed an error in refusing to entertain the plaintiffs' appeal from the order of the 14th July, 1863, awarding an extra allowance to the defendants under section 309 of the Code. The court in substance say, that the Code in terms makes this matter of extra allowance discretionary, but it is not the discretion alone of the single judge who makes the order, nor does that expression affect at all the jurisdiction of the several branches of the

supreme court. The opinion also declares that an order which peremptorily and finally charges a party with the payment of a sum of money great or small, which he ought not to pay, or with a greater amount than he ought to pay, affects his rights not in form but in substance. Such being the nature of the order appealed from, it was examinable at the general term, and it was error in this court to dis- miss the defendants' appeal, and refuse to take cognizance of and examine it upon its merits. This we are now required to do, and an examination upon the merits can mean nothing else but an examination of the motion papers, with a view to ascertain whether they furnish sufficient grounds for the allowance given.

We have no hesitation in finding that the case was extra-ordinary and difficult, and, therefore, a proper one for an extra allowance. This is apparent from an examination of the papers, as it is also conceded by the attorney general's stipulation of the 20th July, 1861. The principal question arises upon the sum awarded, $20,000, which is thought to be excessive, and without any precedent to justify it. The dignity, wealth and power of the litigants has nothing to do with the subject. Whatever measure of justice would be meted out to others must also be meted to them. It would be reasonable and eminently just, to require a party seeking such a sum in addition to the usual costs of the litigation, to furnish to the court some specific facts, such as moneys actually expended, or liabilities actually incurred, or time and labor consumed by the counsel or the servants of the company in the preparation and trial of the action. We see that the question involved was the constitutional power of the legislature to relieve the railroad company from the payment of certain tolls, which was disposed of by the judge at the circuit at the close of the plaintiff's evidence, but how much time was occupied in the trial, whether there was more than one trial at the circuit, how often it was postponed, whether it

was argued more than once at the general term, or long accounts taken upon a reference, does not appear. All these are pertinent inquiries, and without the information their answer would furnish, we do not see how the court can form an intelligent and satisfactory estimate of the sum to be awarded as a compensation and indemnity for the unusual and extraordinary character of the litigation. We see, also, that the claim of the plaintiffs as set forth in the complaint, was unusually large, some $5,000,000, which doubtless added largely to the responsibility of the counsel concerned, but it added nothing to the labor of their examinations, nor to the expenditures of the defendants in the preparation for the trial. For all these things are the same whether the claim was $5,000 or $5,000,000, the issue in both cases being the validity and force of the law releasing the tolls. It is evident that the amount of the recovery or claim mentioned in the section of the Code under which the allowance is granted, is not the measure but rather the limit of the allowance to be awarded.

There is reason to think that the sum awarded was given as well for the services and expenditures incurred and performed before, as well as after the entry of the judgment in the supreme court. This is apparent from the motion papers, as well as from the written opinion which accompanied the decision at the special term. There is no authority for enlarging the sum granted so as to cover expenses or services which may or may not be incurred and rendered by the respondent in the court of appeals. This is especially the case when there has been no new trial, and there has been but one appeal. To base an allowance upon such considerations, is to assume as true what may not take place. The judge who hears such an application cannot say that an appeal will take place, and he cannot, without manifest injustice, add anything to the sum allowed, upon the bare possibility that an appeal may be taken. Justice is not administered upon such vague and uncertain princi-

ples. If $100 or $500 more or less, is added to the costs of the successful party, upon the theory that the failing party will take an appeal, should he fail to institute such a proceeding, or should it be dismissed or set aside after it was taken, the sum so allowed and recovered cannot be restored. There is no proceeding known to the practice, of the courts by which the sum so given could be ascertained and stricken from the judgment record. Besides all this, it is clear from an examination of the provisions of the Code, that the allowance is no part of the costs in the court of appeals, but exclusively a part of the costs in the court below. The motion for it is usually made at the close of the trial, and always before the entry of the judgment; and when granted, the sum allowed is included in the bill of costs, and inserted in the judgment roll as a part of the judgment. By the stipulation to which I have referred, the prevailing party was to be at liberty to apply after the decision in the court of appeals, for such further allowance as to the court should seem proper, with the same effect as if the application therefor was made immediately after the trial of the action in the supreme court. For all the purposes of this appeal, the order appealed from granting the defendants the $20,000, is to be deemed to have been made at the close of the trial, and before any appeal was taken by the plaintiffs to the court of appeals. Such part of the sum of $20,000, therefore, as was given in consequence of services and expenses while the action was pending in the court of appeals, is not justified by the law, and should have been omitted.

The order appealed from should be reversed, with $10 costs, and without prejudice to the right of defendants to renew the motion upon such papers as it may be advised.

BARNARD, J., dissented.